Marty G. Baker, Esq. (AZ Bar No. 025278)
ROUTH CASTLE COOPER OLSEN, LLC
A Multi-Jurisdictional Law Firm
22601 North 19th Avenue, Suite 201
Phoenix, Arizona 85027
(623) 582-1222
File No.: 8261.30313

Attorneys for CITIMORTGAGE, INC. its successors and or assigns

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA - PHOENIX DIVISION

| | |
|---|---|
| IN RE:<br><br>JOHN PETER KALMES AND<br>LILY MAE KALMES<br><br><br>DEBTORS. | Case No.: 07-06545-RTBP<br><br>Chapter: 7<br><br>MOTION FOR RELIEF FROM<br>AUTOMATIC STAY<br>(11 USC § 362 and Bankruptcy Rule 4001)<br>REGARDING BANKRUPTCY ESTATE |
| CITIMORTGAGE, INC., its successors and or assigns<br><br>Movant,<br><br>v.<br><br>JOHN PETER KALMES, LILY MAE KALMES, Debtors; and William E. Pierce, Chapter 7 Trustee<br><br>Respondents. | |

TO THE RESPONDENTS NAMED ABOVE:

CITIMORTGAGE, INC., its successors and/or assigns ("Movant"), respectfully represents as follows:

### RELIEF FROM STAY –CAUSE

1. This court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 United States Code § 157, 1334, and 11 United States Code § 362.

2. On or about December 5, 2007, John Peter Kalmes and Lily Mae Kalmes, ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. William E. Pierce is the appointed Chapter 7 Trustee.

3. On or about February 15, 2006, Debtors, for valuable consideration, made, executed, and delivered a Note in the principal amount of $37,000.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments commencing March 21, 2006, and continuing until February 21, 2036, when all outstanding amounts are due and payable. A true and correct copy of the Note is attached as exhibit "A" to the Motion for Relief from Stay and incorporated herein by reference.

4. On or about February 15, 2006, Debtors made, executed, and delivered a Deed of Trust (the "Deed of Trust") granting a security interest in certain real property located at 930 Golden Hawk Dr., Prescott, AZ, 86301 (hereinafter "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorney's fees and costs incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded March 3, 2006, in the Official Records of Yavapai County, State of Arizona. A true and correct copy of the Deed of Trust is attached hereto as exhibit "B" to the Motion for Relief from Stay and incorporated herein by reference.

5. The Note is currently owned by FEDERAL NATIONAL MORTGAGE ASSOCIATION. The Assignment of Deed of Trust was recorded May 21, 2009, in the Official Records of Yavapai County, State of Arizona. A true and correct copy of the Assignment of Deed of Trust is attached hereto as Exhibit "C" to the Motion for Relief from Stay and incorporated herein by reference.

6. On or about May 27, 2009, CITI acquired the servicing

rights to the Note from FEDERAL NATIONAL MORTGAGE ASSOCIATION, and the Debtor was notified of the transfer of servicing rights in accordance with applicable federal law. Due to the confidential information contained in the servicing agreement regarding numerous other borrowers and loans, the servicing agreement should not be filed or made a part of the record. CITI will provide a copy of the servicing agreement for viewing by the presiding Judge if so requested.

7. The Debtors are in default of their obligations under the Note for failure to make payments as of December 21, 2008. As of July 2, 2009, the total amount owing under the Note is the approximate sum of $37,861.39.

8. Movant has not received the payments owing for December 21, 2009, through June 21, 2009. Accordingly, the arrears owing under the Note are in the approximate sum of $1,853.67, consisting of 7 payments of $264.81, excluding the attorneys' fees and costs incurred in filing the instant Motion. Further, the July 21, 2009, payment will have come due by the time of any hearing on this Motion.

### RELIEF FROM STAY-CAUSE
### ADEQUATE PROTECTION

9. Pursuant to the provisions of 11 United States Code § 361 and 362(d), Movant is entitled to adequate protection of its interest in the Real Property.

10. Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus repayment of any and all delinquent amounts owed to Movant, including all attorney's fees and costs incurred in the filing of this motion.

11. Movant is informed and believes that Debtors are presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

12. By reason of the foregoing, Movant is entitled to relief from the stay under 11 United States Code § 362(d)(1), based upon the failure of Debtors to provide adequate protection to Movant.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1. Terminating the automatic stay as it applies to the enforcement by Movant of all its rights to the Real Property under the Note and Deed of Trust;

2. Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and Deed of Trust, including any action necessary to obtain possession of the Property;

3. Permitting Movant to offer and provide Debtors with information regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement and to enter into such agreement with Debtors;

4. Alternatively, in the event that the court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtors to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Property, including Debtors' obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtors in order to protect Movant's interest in the Property, including all attorneys' fees and costs in the filing of this motion;

5. That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

6. For such other and further relief as the court deems just and proper.

Dated: July 10, 2009

_____
Marty G. Baker, Esq.
Attorneys for CITIMORTGAGE, INC.